UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELA TURNER | CIVIL ACTION |
| VERSUS | |
| HOMEFIRST AGENCY INC | NO. 23-01203-BAJ-EWD |

### RULING AND ORDER

On August 29, 2023, Plaintiff filed this suit against her insurer seeking recovery for property damages suffered during Hurricane Ida and asserting the Court's diversity jurisdiction under 28 U.S.C. § 1332. Now before the Court is Defendant's **Motion To Dismiss For Lack Of Subject Matter Jurisdiction (Doc. 20, the "Motion")** pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the case should be dismissed because Plaintiff has failed to establish that the amount in controversy exceeds $75,000, as required for diversity jurisdiction. The Motion is unopposed. For the reasons that follow, the Motion will be granted.

A Rule 12(b)(1) motion to dismiss allows a party to challenge the exercise of the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts have subject matter jurisdiction to entertain causes of action only where a question of federal law is involved, *or* where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332; *see Shiloh Enters., Inc. v. Cleveland Imaging & Surgical Hosp., LLC*, No. 1:07-CV-588, 2007 WL 9724995, at *1 (E.D. Tex. Dec. 13, 2007). "The

'amount-in-controversy threshold' is a necessary 'ingredient of subject-matter jurisdiction.'" *Jouett Invs. Inc. v. Intuit Inc.*, No. 3:14-CV-1803-L, 2015 WL 3770715, at *7 (N.D. Tex. June 15, 2015) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

Under Rule 12(b)(1), "the party invoking diversity jurisdiction must show by a preponderance of the evidence that the amount-in-controversy requirement is met." *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 155 (5th Cir. 2018) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). "This burden is met if: (1) it is apparent from the face of the complaint that the claims exceed $75,000.00, or, alternatively, (2) summary judgment-like evidence supports a finding of the requisite amount." *Shiloh*, 2007 WL 9724995, at *2 (citing *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 639 (5th Cir. 2003)). "Once sufficient evidence is produced to establish that the amount in controversy likely exceeds $75,000.00," the Court "may not decline to exercise federal diversity jurisdiction unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Shiloh*, 2007 WL 9724995, at *3 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

Here, Defendant provides summary-judgment like evidence in support of its argument that the amount in controversy does not exceed $75,000. (*See* Doc. 20-1 at 2–3). Pursuant to a joint appraisal conducted by the parties in April 2023, the award for the Hurricane Ida damages to Plaintiff's property was set at $24,076.56. (*Id.* at 2). The day after the appraisal, Defendant paid $22,757.40 on Plaintiff's claim, having

2

subtracted the policy's deductible and a small amount paid out earlier. (*Id.*). Despite the full payment on the claim, Plaintiff filed this lawsuit in August 2023, (Doc. 1), and in April 2024, Plaintiff disclosed a new damage estimate of $31,291.63, (Doc. 20-1 at 2; *see* Doc. 20-7). After adding bad faith penalties and attorney's fees, Plaintiff demanded $56,959.60 from Defendant. (*Id.* at 3; *see* Doc. 20-9). In making this claim, Plaintiff apparently was not aware of Defendant's April 2023 payment of $22,757.40. (*Id.*). Including this payment or not, Plaintiff's claim for $56,959.60 fails to exceed the amount in controversy requirement of $75,000.

As noted above, Plaintiff did not respond to Defendant's Motion. The Court's Local Rules require that a party support his or her arguments with "concise statement[s] of reasons ... and citations of authorities." Local Rule 7(d). "[T]his Court has [also] repeatedly admonished that it will not speculate on arguments that have not been advanced, or attempt to develop arguments on a party's behalf." *Johnson v. Cooper T. Smith Stevedoring Co., Inc.*, 610 F. Supp. 3d 867, 873 (M.D. La. 2022), *aff'd*, 74 F. 4th 268 (5th Cir. 2023) (citing *N. Frac Proppants, LLC v. Regions Bank, NA*, No. 19-cv-00811, 600 F. Supp. 3d 644, 655 n. 9 (M.D. La. Apr. 29, 2022) (citing authorities)). Plaintiff having failed to respond, and Defendant having provided evidence establishing to a legal certainty that the claim asserted is for less than $75,000, Defendant's Motion will be granted.

Accordingly,

**IT IS ORDERED** that Defendant HomeFirst Agency, Inc.'s **Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 20)** be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims be and are hereby **DISMISSED WITHOUT PREJUDICE**.

Judgment shall issue separately.

Baton Rouge, Louisiana, this 24th day of June, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**